Lincoln County vs. Oneida County.

ORTON, J., took no part.

LINCOLN COUNTY, Respondent, vs. ONEIDA COUNTY, Appellant.

*September 8 — October 20, 1891.*

*Counties: Division: Apportionment of taxes: Repeal of statute: Rights accrued not affected: Presentation of claims to county board: Parties.*

Sec. 8, ch. 411, Laws of 1885, dividing the county of Lincoln and creating the county of Oneida, provided that notwithstanding such division (which was not to take effect until January 1, 1887) the treasurer of Lincoln county should collect all the taxes for the year 1886 and should pay to the treasurer of Oneida county, at a certain fixed time, all such taxes, except state taxes, collected upon property in Oneida county. Said section was amended by ch. 153, Laws of 1887, and the provision for payment of a part of said taxes to the treasurer of Oneida county was entirely omitted. The act of 1887, which took effect April 18, 1887, repealed all of the act of 1885 inconsistent or conflicting with it. In an action by Lincoln county against Oneida county, the defendant having counterclaimed for its share of the taxes of 1886, alleging that the same became due on or before April 1, 1887, it is *held* on demurrer: ·

(1) Under sec. 4974, R. S., the right of Oneida county to a share of the taxes of 1886 was not defeated or impaired by the repeal of that part of the act of 1885 relating thereto.

(2) The claim therefor need not first be presented to the county board in accordance with sec. 676, R. S. The special act which created the liability, being inconsistent with that section, must prevail.

(3) The county of Oneida, being the real party in interest, may maintain the counterclaim, although the law provided that the moneys should be paid to the county treasurer.

Lincoln County vs. Oneida County.

APPEAL from the Circuit Court for *Lincoln* County.

Action by the respondent to recover of appellant a balance of $12,757.95, which is alleged to have been found due to *Lincoln* county from *Oneida* county by the committee appointed to adjust and settle the property and indebtedness of the two counties under ch. 411, Laws of 1885, as amended by ch. 153, Laws of 1887. Said first mentioned act created the county of *Oneida* out of a part of the territory of *Lincoln* county.

The appellant county counterclaimed for $18,527.72, which it claimed was due to it from respondent county as the appellant's share of the taxes of 1886, under the provisions of sec. 8, ch. 411, Laws of 1885, being the organic act creating *Oneida* county. To this counterclaim a demurrer was interposed on the grounds: (1) Want of legal capacity to maintain the same; (2) insufficiency of facts; and (3) because not pleadable as a counterclaim,— and from an order sustaining the demurrer defendant appealed.

Sec. 8 of ch. 411, aforesaid, upon which the counterclaim is based, provided that, notwithstanding the division of *Lincoln* county (which division was not to go into effect until the 1st day of January, 1887), the county treasurer of *Lincoln* county should collect all the taxes for the year 1886, and should pay over to the treasurer of *Oneida* county, at a certain fixed time, all such taxes, except state taxes, collected upon property situated within the county of *Oneida*. Said sec. 8 was amended by ch. 153, Laws of 1887, and that part of the section which provided for the payment of a portion of the taxes of 1886 to the treasurer of *Oneida* county was omitted entirely from the amended section; and the amending act provided that all of ch. 411, Laws of 1885, inconsistent or conflicting with it, was thereby repealed. This last-named act was published and took effect April 18, 1887. The counterclaim alleges that the amount claimed under it became due on or before April 1, 1887.

*A. W. Shelton*, for the appellant.

For the respondent there was a brief by *Bump & Hetzel*, and oral argument by *E. L. Bump*.

Winslow, J. It is unnecessary to decide whether, as appellant claims, the right of *Oneida* county to a share of the taxes of 1886, under sec. 8, ch. 411, Laws of 1885, had become a vested right prior to the passage of ch. 153, Laws of 1887. Whether vested or not, the right still exists. By sec. 4974, R. S., it is provided that the repeal of a statute shall not defeat or impair rights of action accrued under such statute before the repeal, but such right of action shall be preserved and remain in force, unless specially and expressly remitted, abrogated, or done away with by the repealing statute. That the legislature may, by a prospective statute such as this, save rights of action which have accrued, is settled. *Garland v. Hickey*, 75 Wis. 178. That said statute saves the right of action of *Oneida* county in this case seems very plain. There is no express abrogation, consequently the mere repeal does not affect it.

But it is objected that this counterclaim cannot be maintained because the claim has not been presented to the county board in accordance with the provisions of sec. 676, R. S.[1] This objection is not tenable. The liability or right of action is created by the legislature. It is fixed and certain. It matures at a given time, and admits of no defense. Must *Oneida* county wait until after the regular fall meeting of the county board before its right of action is perfect? If such be the claim, then there is plainly a contradiction between the general law and the terms of this act, because

---

[1] Sec. 676, R. S., provides that "no action shall be brought or maintained against a county upon any account, demand, or cause of action when the only relief demandable is a judgment for money, except upon a county order, . . . unless such claim shall have been duly presented to the county board, and they shall have failed to act upon it within the time fixed by law."— REP.

the act fixes the time of payment, and, as a necessary result, the right of action in case of nonpayment at a time certain, viz., within thirty days after the return of the delinquent lists. We hold that the provisions of the special act which creates the liability are inconsistent with sec. 676, and that upon familiar principles the special act must prevail.

The remaining objection is that *Oneida* county has not legal capacity to maintain this counterclaim. This objection was not argued in the brief nor in the oral arguments, so we are not apprised of the exact grounds upon which it is supposed to be based; but we assume that the point is that the section in question provides that the moneys shall be paid to the treasurer of *Oneida* county, and that the cause of action accrues to the county treasurer, instead of to the county itself. This objection is purely technical. The money, if collected, belongs to the county. The county is the real party in interest. We conclude that it may maintain this counterclaim.

The demurrer should have been overruled.

*By the Court.*— Order reversed, and action remanded for further proceedings according to law.

Orton, J., took no part.