JOYCE, Respondent, vs. SAUK COUNTY, Appellant.

*November 10—December 8, 1931.*

*Clifford M. LaMar,* district attorney of Sauk county, for the appellant.

For the respondent there was a brief by *Grady, Farnsworth & Walker* of Portage, and oral argument by *Daniel H. Grady.*

WICKHEM, J.   This is an action on a contract for the grading of a highway.   The complaint alleges that the plaintiff, on April 4, 1928, entered into a written contract with Sauk county for grading county trunk highway G; that he fulfilled the contract; that as the work progressed the county paid him the sum of $18,854.34 as required by the contract; that a dispute arose as to the balance due him, and that plaintiff and the Sauk county highway committee and engineer agreed to and did submit the matter to the determination of three arbitrators on January 29, 1930; that the arbitrators heard the matter and on April 14, 1930, made an award to the plaintiff of the sum of $5,334.96; that on November 15, 1930, the said highway committee reported to the county board that there was a deficit on that project in the sum awarded by the arbitrators, and on November 20, 1930, the county board disallowed the claim.   On November 21, 1930, the county board adopted a report of a committee reporting the matter to the board, without recommendation.

The complaint sets forth two causes of action.   The first is to recover upon the award of the arbitrators.   The second is pleaded in the alternative to recover the balance due under the contract, in the event that the arbitration of the award should be held invalid.

The defendant demurred to the complaint on the following grounds: (1) that the complaint does not state facts

sufficient to constitute a cause of action; (2) that the court has no jurisdiction of the subject of this action for the reason that the claims alleged in said complaint were not filed prior to the commencement of this action as required by law.

Since a separate demurrer was not filed to each cause of action, it is conceded that if any cause of action is stated in the complaint the demurrer was properly overruled.

The first contention of the defendant is that there is no allegation that the claim was first filed with the county board in accordance with the provisions of sec. 59.76, Stats., which provides that "no action shall be brought or maintained against a county upon any account, demand or cause of action when the only relief demandable is a judgment for money, except upon a county order, unless the county board shall consent and agree to the institution of such action, or unless such claim shall have been duly presented to such board and they shall have failed to act upon the same within the time fixed by law."

It is the position of the defendant that under the rule laid down in *Bunker v. Hudson,* 122 Wis. 43, 99 N. W. 448, the filing of the claim with the county board is a condition precedent to the existence of a cause of action, and that therefore a failure so to present is a defect which may be reached by general demurrer. In the *Bunker Case* the court pointed out that as to all causes of action existing against a city at common law, the presenting of a claim was not a condition precedent to the existence of a cause of action, and a failure to allege the presenting of the claim would not be reached by demurrer. It was further held that as to all causes of action against the city which exist solely by virtue of a statute, the claim must be presented as a condition precedent to the existence of a cause of action, and a failure to allege the filing of a claim would make the complaint demurrable.

Defendant argues that at common law a county could not be sued, and that consequently all causes of action against a county are statutory in character, and the presenting of a claim is a condition precedent to liability.

It is contended by respondent that the liability of the county upon this contract was a common-law liability not created by statute, and that the presenting of a claim is not a condition to its existence.

These contentions require an examination of the provisions of ch. 82, which is a portion of the Wisconsin highway law. Sec. 82.05 requires the county board to elect a county highway committee. It provides that this committee "shall be the only committee representing the county in the expenditure of county funds in constructing or maintaining, or aiding in constructing or maintaining any roads or bridges within the county." In sec. 82.04 the duties of the county highway commissioner are defined, and it is provided that he "shall have charge under the direction of the county highway committee of the construction of highways built with state or county aid other than state trunk highways," and that "he shall make an annual report to the state highway commission and to the county board . . . of all expenditures made from the county road and bridge fund." Sec. 82.06 defines the powers of the county highway committee. Under this section the highway committee is empowered to determine whether each piece of state-aid construction shall be let by contract or whether it shall be done by day labor; to enter into such contracts in the name of the county, and to make such arrangements as may be necessary for the proper prosecution of such construction and maintenance of highways and bridges as is provided for by the county board; to direct the expenditure of highway maintenance funds; to meet from time to time at the county seat to audit, together with the county clerk, all payrolls and material claims and

vouchers resulting from the construction of state-aid highways and bridges.

It is clear that the county board has the power under sec. 82.06 to determine what highway projects shall be undertaken by the county. It is equally clear that such determination having been made, the county highway committee is expressly vested with power to make contracts binding upon the county for the prosecution of this work. The statute has vested in the county highway committee the power not only to make contracts but to audit payrolls, material claims, and vouchers, and to order the expenditure of money from the road and bridge fund, and its acts in pursuance of this authority are binding upon the county. When it has acted within its authority, rights are created in the person contracting with the county through this committee, which exist independently of any action by the county board. Such causes of action as may arise because of the exercise of its authority by the county highway committee are not created by statute. The statute has created an agency which is empowered to bind the county by contract, and when the contract has been executed such rights and liabilities as may thereafter arise have their origin in the contract by virtue of the rules of the common law. Consequently, the filing of a claim with the county board is not a condition precedent to the existence of a cause of action under the rule in the case of *Bunker v. Hudson*, cited *supra*, and the failure to allege such a filing cannot be reached by demurrer.

It is further contended by respondent that a failure to file a claim is not a matter that can be pleaded in abatement. It is pointed out that the statutes creating a highway system were enacted in 1911, while the legislative history of sec. 59.76 relating to the necessity of filing claims against a county began in 1853, and that the provisions of the state highway act evidence an intention to create an exception to sec. 59.76, in the case of claims under contracts with the

county highway committee. In support of this contention it is argued that since the committee could enter into a contract providing for payment as the work progressed, and that since it could authorize such payments without the necessity of filing a claim with the county board, it could also make the final payment without the necessity of filing any such claim. It is further argued that where the highway committee enters into a contract in which a definite time of payment is fixed, the county becomes absolutely obligated to pay upon the date fixed; that having so agreed, the county thereby waives any right to have the claim presented before the commencement of the action; that the county highway committee fixed a definite date of payment in this contract, and thus on behalf of the county waived the necessity of filing a claim. It is further argued that by making the contract the county highway committee in effect audited the claim. We have concluded that these contentions cannot be sustained.

It is not necessary to decide, and we do not decide, what is the proper rule to apply where the county highway committee has actually audited and approved the claim of a contractor. In such a situation the argument of respondent would certainly have greater force.

Respondent has cited the case of *Lincoln County v. Oneida County,* 80 Wis. 267, 50 N. W. 344, in which, after a legislative division of the county, Lincoln county sued Oneida county for its share of the taxes, and the contention was made that a claim should have first been presented to the county board. This court held that it was unnecessary to present such a claim because the liability was fixed and certain, created by the legislature, and admitted of no defense. The court found out of these circumstances a legislative intent to modify the provisions of sec. 59.76.

In *State ex rel. Elliott v. Kelly,* 154 Wis. 482, 143 N. W. 153, it was held that a provision in the charter that all

claims and demands against the city shall be presented for allowance in a specified way and shall be passed upon in a particular manner before payment, did not apply to the salary incident of an office but to unliquidated claims,— claims requiring the exercise of judgment by the administrative body as to the amount or the liability, or both.

It will be noticed that in both of these cases it is assumed that the liability is fixed and definite, and the municipal corporation entirely without defense. Whatever effect the doctrine of these cases might have in a situation where the county highway committee had approved and audited the claim of a contractor upon a highway contract, we think they do not apply to the situation here presented. There was a dispute between the highway committee and the contractor, and a lawsuit in prospect, and the claims of the contractor were never approved or audited by the county committee. In such a situation we think it would require stronger language in the highway statute than we are able to find to support the conclusion that the legislative intent in the highway act was wholly to obviate all necessity for presenting claims in cases where controversies arise between the highway committee and the contractor. In order to come to such a conclusion it is necessary to find that sec. 59.76 has been impliedly modified by the highway law. Such a doctrine is not favored and an earlier act will be considered to remain in force unless it is so manifestly inconsistent and repugnant to the later act that they cannot reasonably stand together. *Milwaukee County v. Milwaukee Western F. Co.* 204 Wis. 107, 235 N. W. 545; *Attorney General ex rel. Taylor v. Brown,* 1 Wis. 513; *Madison v. Southern Wis. R. Co.* 156 Wis. 352, 146 N. W. 492, 10 A. L. R. 910.

We are unable to come to any such conclusion. The purpose of sec. 59.76 is to enable the legislative body of a county to avoid the expense of litigation by giving to it an opportunity to pass upon and reject or order paid claims

against the county. The principal application of this section, of course, is to claims which are in dispute, and it is not apparent that its application to highway contracts will in any way disable the counties from making economical contracts for highway work. At any rate, it is not for this court to question the wisdom of the section or its application to this subject matter, except as such conclusions may tend to disclose a legislative intent. It is our conclusion that the failure to file a claim in such a situation as is here presented is a matter that might be taken advantage of by a plea in abatement.

As has heretofore been stated, plaintiff's first cause of action is based upon an award by arbitrators, and it is contended by the appellant that the county highway committee and the county highway engineer had no authority to submit the issues between the plaintiff and the county to arbitration. We have concluded that this contention is sound. The general rule is that a city, county, town, or other municipal or quasi-municipal corporation may submit to arbitration any claims asserted by or against it. *In re Lower Baraboo River D. Dist.* 199 Wis. 230, 225 N. W. 331. See also note 40 A. L. R. 1370. The cases usually base this right upon the right of the municipal corporations to contract and the right to maintain and defend suits. In *In re Lower Baraboo River D. Dist.,* above cited, it is stated (referring to municipal corporations) that "where a corporation, whether public or private, is not expressly prohibited from submitting certain matters of this kind to arbitration, and where such corporations have the power to sue and to be sued, arbitration may be resorted to." In all of the cases in which this power has been maintained, its exercise has been by the legislative body of the municipal corporation. Since the basis of the power of a municipal corporation to arbitrate depends upon its power to maintain or defend suits, we think it follows that the power to sub-

mit to arbitration on behalf of such a corporation must be vested in the governing body which has the power to maintain or defend suits on its behalf.

Since the control of litigation against the county is plainly in the county board, it is our conclusion that the power to arbitrate resides in that board as the legislative body of the county, and not in the county highway committee. Consequently, the award of the arbitrators imposed no liability upon the county.

Since there is no question as to the sufficiency of plaintiff's second cause of action, except that arising from the failure to file a claim, and since, as heretofore stated, the demurrer was to the entire complaint, it follows that the order overruling the demurrer must be affirmed.

*By the Court.*—Order affirmed.