SAUK COUNTY, Respondent, vs. CITY OF BARABOO, Appellant.

*April 10—May 9, 1933.*

R. H. *Gollmar,* city attorney, for the appellant.

For the respondent there was a brief by *C. M. LaMar,* district attorney of Sauk county, and *Hill, Beckwith & Harrington* of Madison of counsel, and oral argument by *Mr. LaMar* and *Mr. John T. Harrington.*

FRITZ, J.    Plaintiff recovered judgment in this action for a balance claimed to be owing by the defendant city of Baraboo to plaintiff on account of the construction by plaintiff of a bridge on a state trunk highway within the defendant city.    The construction of the bridge, which, at the formal request of the common council of the city, exceeded in width the standard prescribed for bridges by the county board of Sauk county, was undertaken and completed by the county, in connection with the reconstruction of the highway, under the provisions of chs. 83 and 87, Stats. 1923.    After the bridge was completed, the county in writing demanded that defendant pay the claim, but no claim or demand, verified as prescribed by sec. 62.12 (8) (a), Stats., was ever filed. Based upon the failure of plaintiff to first file and present a verified claim, the defendant, in connection with other defenses, filed a plea in abatement, and contended that this action cannot be maintained in view of sec. 62.25 (1) (a), Stats., which is as follows:

"No action shall be maintained against a city upon a claim of any kind until the claimant shall first present his claim to the council and it is disallowed in whole or in part. . . ."

There are no exceptions or limitations in that statute. Its language is clear and unambiguous, and includes all claims and demands against a city, without regard to the nature of the claim or the character of the claimant.    The provisions are similar to secs. 59.76 (1) and 59.77 (1) (a) and (b), Stats., relating to counties; secs. 60.36 and 60.33 (2), Stats., relating to towns; and sec. 61.51, Stats., relating to villages.

The salutary purposes of the rule prescribed by those statutes have been discussed in a number of decisions, and the reasons stated in justification thereof in *Northern Trust Co.*

*v. Snyder,* 113 Wis. 516, 536, 89 N. W. 460. *Read v. Madison,* 162 Wis. 94, 97, 155 N. W. 954, and *Joyce v. Sauk County,* 206 Wis. 202, 208, 239 N. W. 439, are also applicable when a county is the claimant on a demand against another political subdivision. The only instance in which it was held unnecessary for a county to first file its verified claim was in *Lincoln County v. Oneida County,* 80 Wis. 267, 50 N. W. 344. However, in that case, the court found in the circumstances that the liability was created by the legislature, and was fixed and certain, and admitted of no defense, a legislative intent to modify the provisions of sec. 59.76, Stats. *Joyce v. Sauk County, supra,* p. 207.

It is true, as contended by plaintiff, that in *State v. Milwaukee,* 145 Wis. 131, 129 N. W. 1101, it was held that sec. 59.76, Stats., relating to the necessity of filing claims against a county, did not apply to a claim in favor of the state itself; and on a subsequent appeal in that case it was held that on an accounting in the same action, between the defendant city and the county, arising out of the state's claim against the city, and as to which the county, as well as the city, was in a court which had jurisdiction to proceed to a final determination of the entire controversy, as between all of the parties thereto, it was not necessary for the city to first file a claim against the county, and then commence a new and separate action before it was entitled to the accounting. *State v. Milwaukee,* 158 Wis. 564, 571, 149 N. W. 579. The basis of that litigation was a claim in favor of the state as sovereign, and it was held that statutes in limitation of the rights of its subjects or subordinates were not to be construed in derogation of the rights of the state, as the sovereign, unless the latter was included by an express provision. Although it has been held that certain statutes, which create and impose additional duties or obligations in general terms, are not to be construed as also imposing such duties or

obligations upon the sovereign or the political subdivision of the state, in the absence of an express provision to that effect (*Sullivan v. School District*, 179 Wis. 502, 507, 191 N. W. 1020), that result is not also applicable to general statutes which limit the rights of all subjects or subordinates of the state, including its political subdivisions. The plea in abatement should have been sustained.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment abating and dismissing this action.