DENNIS G. MONTABON, District Attorney Lincoln County
You have requested my opinion as to whether a county board has authority to require that vouchers approved by the county highway committee be reviewed and approved by the board's finance committee prior to payment from county funds.
As I understand it, the finance committee of the Lincoln County Board of Supervisors reviews the vouchers and approves the expenditures of all county departments and committees except the highway department and county highway committee. A resolution has been introduced for board consideration that would subject highway expenditures to the same audit procedures as other county disbursements.
Chapter 83, Stats., vests responsibility for administering the construction and maintenance of county highways with county highway commissioners and county highway committees. Section83.01 (7), Stats., provides, in part:
 "DUTIES. (a) The county highway commissioner shall have charge under the direction of the county highway committee of the construction of highways built with county aid and of the maintenance of all highways maintained by the county.
 "(b) He shall perform all duties required of him by the county board and by the county highway committee . . ."
County highway committees are established by sec. 83.015, Stats. Subsection (1) provides, in part:
 ". . . The committee shall be known as the `county highway committee,' and shall be the only committee representing the county in the expenditure of county funds in constructing or maintaining, or aiding in constructing or maintaining highways . . . ." (Emphasis supplied.)
Subsection (2) delineates the committee's powers and duties. It provides, in part:
 "POWERS AND DUTIES. The county highway committee shall purchase and sell county road machinery as authorized by *Page 138 
the county board, . . . enter into contracts in the name of the county, and make necessary arrangements for the proper prosecution of the construction and maintenance of highways provided for by the county board, . . . direct the expenditure of highway maintenance funds received from the state or provided by county tax, meet from time to time at the county seat to audit all pay rolls and material claims and vouchers resulting from the construction of highways
and perform other duties imposed by law or by the county board." (Emphasis supplied.)
The language of subsecs. (1) and (2) emphasized above raises the question of whether sec. 83.015, Stats., precludes boards from reviewing and approving expenditures approved by the county highway committee prior to payment from county funds.
In my opinion, boards have limited authority pursuant to secs.59.07 (3), 59.20, 83.01 (7) (b), and 83.015 (2), Stats., to examine (i.e., audit) vouchers approved by the county highway committee prior to payment thereof from county funds. However, such a prepayment audit does not provide the occasion for a board (or its finance committee) to substitute its judgment for the highway committee's with respect to contracts the highway committee is authorized to enter into on behalf of the county. Payment on a voucher could only be disallowed if the expenditure is beyond the scope of the highway committee's authority under sec. 83.015, Stats.
County boards are vested with primary authority over expenditures of county funds. County boards (hereinafter, boards) are expressly authorized to examine all proposed expenditures and order disbursements therefor. Sec. 59.07 (3), Stats. Section59.20 (2), Stats., provides that the county treasurer may only disburse county funds pursuant to an order of the board, signed by the county clerk (see secs. 59.17 (3) and 59.81 (2), Stats.), and countersigned by the chairman of the board:
 ". . . except when special provision for the payment thereof is otherwise made by law; and, except in counties having a population of 500,000 or more, pay out all moneys belonging to the county road and bridge fund on the written order of the county commissioner of highways, signed by the county clerk and countersigned by the chairman of the county board." *Page 139 
Section 59.20 (4), Stats., requires the treasurer to keep an account of the receipt and expenditure of all moneys in books subject to examination by the board at any time. Furthermore, the treasurer must be prepared to exhibit his vouchers for money received and disbursed ". . . at such other times as they [the board] may direct . . . to be audited and allowed." (Emphasis supplied.) Sec. 59.20 (4), Stats.
The language of sec. 83.015 (1), Stats., to the effect that the highway committee shall be the only committee representing the county in the expenditure of county highway funds, does not immunize the committee from fiscal oversight by the board. The fact that the highway committee may order disbursements from the county road and bridge fund does not affect the board's authority to examine the committee's accounts pursuant to sec. 59.07 (3), Stats., and audit its vouchers pursuant to sec. 59.20 (4), Stats. The highway committee is merely "an agency of the county, " acting "for and in the place of the county board with reference to certain matters," and as "representative and agent of the county board." 26 OAG 349, 351 (1937); see also, 48 OAG 241 (1959), and 54 OAG 191 (1965). Among the express duties of committees is the responsibility to ". . . perform other duties imposed . . . by the county board." Sec. 83.015 (2), Stats. A board could rely on this language as the basis for requiring the highway committee to routinely submit its vouchers to the board or its delegate for examination and audit before it (the committee) directs issuance of a disbursement order.
I do not view the audit responsibilities of highway committees under sec. 83.015 (2), Stats., to be in conflict with, and thereby a limitation on, the limited authority of boards to examine and/or audit vouchers for expenditures of county highway funds. They do not conflict because they constitute different functions.
In supporting this proposition, I begin with Rinder v. Madison
(1916), 163 Wis. 525, 158 N.W. 302. Rinder was decided on the basis of sec. 1317m-5, sub. 8, Statutes of 1915, a predecessor of sec. 83.015, Stats. The audit function was somewhat different then in that it was to be performed together with the county clerk. Sec. 1317m-5, sub. 8 (3) (e) . Moreover, sec. 131 7m-5 did not contain the "only" language of the present sec. 83.015 (1), Stats. The court *Page 140 
distinguished the highway committee's audit authority from board authority as follows:
 "It is contended that this subsection delegates powers and authority to such committee which are conferred by the constitution on county boards and county clerks. These powers and duties of this committee are clearly administrative in their nature and in no way conflict with the duties imposed by law on county clerks. The committee can only carry out the road improvement authorized by the county board and perform administrative features connected therewith. It is suggested that they have the ultimate power to pass on the legality of claims for services and material furnished for the construction of roads and bridges. The duty to `audit' such claims as provided by par. (3) (c) of this subsection is not to be interpreted as abrogating the duties imposed by law on county clerks, nor is it to be considered that such `audit' implies that the committee is given power to finally pass on the allowance or disallowance of claims against the county. It is evident that their duties under this part of the act are to examine claims to ascertain whether or not they pertain to and properly itemize the charges for material furnished and work done, and to check the items as to their correctness in these respects to assist the county clerk and the county board to determine whether they are just and legal claims." 163 Wis. at 533.
The legislature added the "only" language to the highway committee statute in 1919. Ch. 458, sec. 1, Laws of 1919. The amended statute, as recreated as part of ch. 82, 1929 Stats., was discussed in Joyce v. Sauk County (1931), 206 Wis. 202,239 N.W. 439. Joyce involved a dispute between the highway committee and a contractor over the balance due on a grading contract. The committee agreed to arbitration which resulted in a finding that the contractor was owed an additional sum. The board disallowed the claim. The appeal was taken on an overruled demurrer and centered on the issues of whether submitting the claim to the board pursuant to sec. 59.76, Stats., was a condition precedent to suit and whether the highway committee had authority to agree to arbitration. The court discussed the relationship between boards and highway committees as follows: *Page 141 
 "It is clear that the county board has the power under sec. 82.06 to determine what highway projects shall be undertaken by the county. It is equally clear that such determination having been made, the county highway committee is expressly vested with power to make contracts binding upon the county for the prosecution of this work. The statute has vested in the county highway committee the power not only to make contracts but to audit payrolls, material claims, and vouchers, and to order the expenditure of money from the road and bridge fund, and its acts in pursuance of this authority are binding upon the county. When it has acted within its authority, rights are created in the person contracting with the county through this committee, which exist independently of any action by the county board . . . ." (Emphasis supplied.) 206 Wis. at 206.
In 1943, one of my predecessors was asked for an opinion as to what claims may be paid by a county treasurer upon audit by a standing or special committee of the board (e.g., the highway committee) without audit by the entire board. In 32 OAG 347 (1943), the then attorney general first opined that it is contemplated by secs. 59.07 (3), 59.17 (3), and 59.20 (2), Stats., that all claims against a county are to be audited by the board before payment, except as otherwise provided by law. The opinion then found the audit provided for in sec. 83.015 (2), Stats., to be such an exception so as to conclude:
 "Hence, . . . it would seem that as to items properly within their authority the audit of the county highway committee would be sufficient and that no county board audit would be required before payment." (Emphasis supplied.) 32 OAG at 351
In doing so, the opinion qualified Rinder, supra, on the basis ofJoyce, supra. I concur in that assessment. It bears noting, however, that the issue here is not the sufficiency of a highway committee's audit, but whether sec. 83.015, Stats., precludes prepaying review of vouchers by boards.
These authorities lead me to conclude that, although a board may require a prepayment review of highway committee vouchers, such a review is limited to a determination of whether the proposed expenditure falls within the scope of the highway committee's *Page 142 
statutory or delegated authority. Boards must direct county highway policy at the taxing, appropriation, and project approval stages. They may not use their prepayment review authority as a mechanism to substitute their judgment for the highway committee's on matters within the committee's authority.
RWW:CAB