JOHN W. STEVENS, Corporation Counsel, Marathon County
You request my opinion whether the county highway committee has power to examine, settle and pay liability claims against the county without final action by the county board.
You state that the county highway committee, elected pursuant to sec. 83.015, Stats., has a policy of examining, approving and paying out of highway department funds, claims against the highway department. If the committee determines that the highway department is at fault, and if the claim is for less than $250.00, the claim is referred to its insurance carrier with whom it has a liability policy, separate from the other departments of the county. You state that the committee is of the opinion that the county board should not be concerning itself with claims of less than $250.00.
I am of the opinion that such committee is without power to finally act in the manner stated. It can be delegated power to investigate and recommend, subject to approval and final action by the county board.
Section 59.07 (3), Stats., empowers the county board to:
 "Examine and settle all accounts of the county and all claims, demands or causes of action against the county and issue county orders therefor. In counties having a population of less than 50,000, the board may delegate its power in regard to current accounts against the county to a standing committee where the amount does not exceed $2,500 and in all counties having a population of 50,000 or more, the board may delegate its power in regard to current accounts against the county to a standing committee where the amount does not exceed $5,000." (Emphasis added.)
Claims based on alleged liability of the county grounded in tort because of claimed defects in the construction and maintenance of highways, the operation of equipment including motor vehicles or actions of officers or employes of the county or disputed claims involving construction contracts cannot be considered "current accounts" within the meaning of the above statute which are delegatable. *Page 49 
Section 59.77, Stats., sets forth the procedure for filing claims against the county as a prerequisite to consideration by the county board; and sec. 59.76, Stats., requires that there be presentation of a claim to the board as a prerequisite to maintenance of an action thereon. Where tort is involved, sec.895.43, Stats., requires timely filing of notice of injury as a prerequisite to suit. Where damages are claimed by reason of the insufficiency or want of repairs of a county highway, sec. 81.15, Stats., requires timely filing of notice of injury and alleged deficiency with the county clerk as a prerequisite to suit. SeeColburn v. Ozaukee County, 39 Wis.2d 231, 159 N.W.2d 33 (1968), as to distinction between notice of injury and notice of claim statutes.
Whereas sec. 59.07 (2), Stats., permits the county board to provide liability and property damage insurance for its employes, motor vehicles and the maintenance and operation of county highways, etc., I am not aware of any statute which would authorize the county highway department to procure liability insurance without authorization of the county board.
Section 83.015 (1) and (2), Stats., provides in part:
 ". . . The committee shall be known as the `county highway committee,' and shall be the only committee representing the county in the expenditure of county funds in constructing or maintaining, or aiding in constructing or maintaining highways. . . .
 "(2) Powers and duties. The county highway committee
shall purchase and sell county road machinery as authorized by the county board, determine whether each piece of county aid construction shall be let by contract or shall be done by day labor, enter into contracts in the name of the county, and make necessary arrangements for the proper prosecution of the construction and maintenance of highways provided for by the county board, enter private lands with their employes to remove weeds and brush and erect or remove fences that are necessary to keep highways open for travel during the winter, direct the expenditure of highway maintenance funds received from the state or provided by county tax, meet from time to time at the county seat to audit all pay rolls and material claims and vouchers resulting from the construction of highways and *Page 50 perform other duties imposed by law or by the county board." (Emphasis added.)
In 63 Op. Att'y Gen. 136.2 (1974), it was stated that sec.83.015, Stats., does not preclude county boards from auditing highway committee vouchers prior to payment thereof from county funds, but that the board's audit authority is limited to determining whether the expenditure is within the scope of the committee's statutory or delegated authority.
Even where construction and material contracts are concerned, where the county board has determined which highway projects shall be undertaken, and where the county highway committee has substantial independent power to enter into contracts for the construction of such highways, the power of such committee is limited where a dispute arises over the amounts to be paid for work and materials furnished. Whereas the highway committee has power to "audit all pay rolls and material claims and vouchers resulting from the construction of highways," the supreme court has held that this power was not broad enough to permit the highway committee to refer a disputed claim to arbitration and settle the dispute by paying out the amount set by the arbitrator. The court stated that the contractor's claim had to be submitted to the county board as a condition precedent to suit. Joyce v. Sauk County, 206 Wis. 202, 239 N.W. 439 (1931).
I conclude that a county highway committee is without power to finally audit, settle and pay claims for tort liability or disputed claims for work performed, equipment or materials furnished, growing out of the construction and maintenance of highways, and that such claims must be filed with the county clerk and finally acted upon by the county board pursuant to secs. 59.07 (3), 59.76 and 59.77, Stats.
BCL:RJV *Page 51