WILLIAM F. BOCK, Corporation Counsel Racine County
You request my opinion whether the bill-paying procedure presently used by Racine County complies with statutory requirements.
You state that bills (claims) first go to an employe in the office of the county executive who determines (1) whether they are proper, (2) whether they are within the amounts budgeted and appropriated by the county board and (3) whether there is sufficient money in the particular account to pay for the particular item. If approved by the designee of the county executive, the claims are submitted to the county clerk and county treasurer for payment. Although the county board's finance committee meets twice a month to review the approved claims, such review is primarily concerned with claims which have been paid. Claims questioned by the county executive are submitted to the finance committee prior to payment. You also indicate that Racine County has a purchasing agent appointed pursuant to sec. 59.07
(7), Stats. You state that the county has appointed the State of Wisconsin, pursuant to sec. 59.72 (2), Stats., to perform the duties of county auditor and that a state employe reports to Racine County for several days or weeks each year to conduct an audit. Such *Page 39 
auditor has questioned the payment of county funds from the treasury without the specific approval of the county board or its designated committee.
I am of the opinion that bill-paying procedures currently used by Racine County do not comply with statutory requirements. The primary deficiency in the procedure is that certain accounts and claims which may be required by statute to be examined by the county board prior to payment are not presented to the board or its delegated standing committee until after payment is made.
The State Department of Revenue employe who performs certain audit services for the county, serves pursuant to sec. 73.10 (6), (7) and (8), Stats., and is not a county auditor appointed in place of the county clerk under sec. 59.72 (2), Stats., to perform audit duties otherwise performed by the county clerk under sec. 59.72 (1), Stats. The Department of Revenue employe performs only post-audit services. In my opinion, the duties of such county clerk under sec. 59.72 (1), Stats., include a duty to preaudit.
You also inquire:
 2. What procedure is necessary under state law for payment of bills by Racine County?
This opinion is confined to statutes concerning counties with less than 300,000 population and can only discuss claim requirements and approval procedures in general terms. Claims of different types and amounts may require different procedures. Some claims are liquidated and others are not. Claims may be based on sales of goods or equipment; furnishing of services on a fee, wage or contract basis; welfare or other benefits; furnishing of materials or rentals involving special projects such as highways and claims involving tort liability, etc.
A discussion of some of the applicable statutes will indicate what is required as to processing many claims.
Claims Should Be Filed With The County Clerk
Sections 59.76 and 59.77 (1), Stats., as recreated by ch. 285, Laws of 1977, provide: *Page 40 
 59.76 No action may be brought or maintained against a county upon a claim or cause of action unless the claimant complies with s. 895.43."
 59.77 (1) In general. Every person, except jurors, witnesses and interpreters, and except physicians or other persons entitled to receive from the county fees for reporting to the register of deeds births or deaths, which have occurred under their care, having any claim against any county shall comply with s. 895.43.
Section 895.43 (1) (b), Stats., requires that a claim containing the address of the claimant and an itemized statement of the relief sought be presented to the appropriate clerk. In the case of the county, that clerk is the county clerk. See sec.59.81 (2), Stats., which is quoted below.
 County Treasurer Cannot Issue Check For Payment Unless Proper Approvals Are Secured
Section 59.20 (2), Stats., empowers the county treasurer to:
 Pay out all moneys belonging to the county only on the order of the county board, signed by the county clerk and countersigned by the chairman, except when special provision for the payment thereof is otherwise made by law; and, except in counties having a population of 500,000 or more, pay out all moneys belonging to the county road and bridge fund on the written order of the county commissioner of highways, signed by the county clerk and countersigned by the chairman of the county board.
Section 59.81 (2), Stats., provides:
 Disbursements on. In all counties having a population of less than three hundred thousand, all disbursements from the county treasury shall be made by the county treasurer upon the written order of the county clerk after proper vouchers have been filed in the office of the county clerk; and in all cases where the statutes provide for payment by the treasurer without an order of the county clerk, it shall hereafter be the duty of the county clerk to draw and deliver to the treasurer an order therefor before or at the time when such payment is required to be made by the treasurer. The provisions of this subsection shall apply to *Page 41 
all special and general provisions of the statutes relative to the disbursement of money from the county treasury.
Also see check-order requirements in secs. 66.042 (1) and (3) and 59.17 (3), Stats., as amended by ch. 305, Laws of 1977.
Failure to have all claims initially filed with the county clerk would not preclude the county treasurer from paying certain bills or claims under authority of sec. 59.20 (2), Stats., providing that approvals required by other statutes were obtained, such as approval by the county board or its standing committee under sec. 59.07 (3), Stats., or the county highway committee pursuant to secs. 83.01 (6) and 83.015 (2), Stats., the county clerk, and in some cases the county commissioner of highways and chairman of the county board, but would place the county at a disadvantage with respect to keeping track of and investigating claims which might develop into lawsuits. Failure of any claimant to file such claim in proper form with the county clerk might well result in a bar to such person's standing to bring suit on such claim.
 County Highway Commissioner And County Highway Committee Have Duty To Preaudit or Approve Certain Claims
Section 83.01 (6), Stats., provides that:
 [S]alaries, expenses of maintaining an office and the necessary traveling expenses . . . may be paid monthly out of the general fund after being audited and approved by the county highway committee.
Section 83.015 (2), Stats., provides in part:
 The county highway committee shall purchase and sell county road machinery as authorized by the county board . . . direct the expenditure of highway maintenance funds received from the state or provided by county tax, meet . . . to audit all pay rolls and material claims and vouchers resulting from the construction of highways . . . .
As noted hereafter, the power of the county highway committee in the area of preaudit is not exclusive. *Page 42 
 By Reason of Sec. 59.07 (3), Stats., The County Board Or Its Standing Committee Has The Power To Examine And Approve All Accounts And Claims Before Payment
In a lengthy opinion at 32 Op. Att'y Gen. 347 (1943), it was stated that except as otherwise provided by law it is contemplated by secs. 59.07 (3), 59.17 (3) and 59.20 (2), Stats., that all claims against the county are to be audited by the county board before payment. I am of the opinion that a preaudit by the county board can be required but is not necessarily a prerequisite to approval by the county clerk and county treasurer in every case.
Section 59.07 (3), Stats., provides that the county board is empowered to:
 Examine and settle all accounts of the county and all claims, demands or causes of action against the county and issue county orders therefor. In counties . . . less than 50,000, the board may delegate its power in regard to current accounts against the county to a standing committee where the amount does not exceed $2,500 and in all counties . . . of 50,000 or more, the board may delegate its power in regard to current accounts against the county to a standing committee where the amount does not exceed $5,000.
This section must be read in light of the introduction to sec.59.07, Stats., which provides:
 The board of each county may exercise the following powers, which shall be broadly and liberally construed and limited only by express language.
In 36 Op. Att'y Gen. 601 (1947), it was stated that where a contract for the construction of public works had been entered into by the county, partial payments could be made as required by terms of the contract as work progressed without audit by the entire county board under sec. 59.07 (3), Stats. The board's entry into the contract, which provided for partial payments as the work progressed, constituted a vote or resolution within the meaning of sec. 59.17 (3), Stats., authorizing the county clerk to sign orders in accordance with the provisions of the contract, and sec. 59.20 (2), Stats., authorizing the county treasurer to pay the same. *Page 43 
In my opinion sec. 59.07 (3), Stats., does not require specific prior approval by the whole board or its standing committee of every bill or voucher, even where there is no special statute such as secs. 59.80 or 83.01 (6), Stats., providing for the department head or committee to approve and directly certify to the county clerk, provided that the county board has not required such procedure by resolution and provided that the account is current and the bill or voucher is for an item or items reasonably included in the executive budget approval and adopted by the county board for the specific county agency.
It is my opinion that the board has power to examine and settle accounts and claims even where some other statute would appear to permit certain bills and vouchers to be approved by some other officer, such as a department head or statutory committee, and be submitted directly to the county clerk and county treasurer for payment. See 63 Op. Att'y Gen. 136.2 (1974). Where there is such special statute, such as sec. 59.80, Stats., which pertains to salaries and automobile allowances, prior audit by the whole board or its standing committee is not required unless such board requires it by resolution.
In 67 Op. Att'y Gen. 47 (1978), it was stated that the power of a county highway committee to preaudit and approve certain expenditures by reason of sec. 83.015, Stats., did not authorize such committee to "finally audit, settle and pay claims for tort liability or disputed claims for work performed, equipment or materials furnished, growing out of the construction and maintenance of highways, and that such claims must be filed with the county clerk and finally acted upon by the county board pursuant to secs. 59.07 (3), 59.76 and 59.77, Stats."
It is noted that under sec. 59.07 (3), Stats., the power of a county board to delegate to a standing committee its authority to examine and settle accounts of the county exists only with regard to current accounts which do not exceed the $2,500 or $5,000 limitation amounts applicable to counties which qualify under the population figures set forth.
In my opinion, the words "standing committee" mean a committee of members of the county board appointed pursuant to sec. 59.06, Stats.; and I conclude that the board is without power to delegate its power to finally examine and settle claims involving current accounts to some other officer. But powers of preaudit which exist in certain *Page 44 
officers can be delegated to other officers, at least in part. The power to preaudit accounts and claims is not exclusively in the county board or its standing committee. The county clerk has a duty to preaudit claims under the provisions of sec. 59.72 (1), Stats.; and such officer has often conducted preaudit procedures to aid the county highway committee, the county board or a standing committee of the county board with respect to their duties to preaudit certain claims. As stated in 63 Op. Att'y Gen. 220, 226 (1974), "duties of pre-audit are not immemorial and important duties which characterize the office of County Clerk and hence can be transferred to" a county auditor by reason of express provision in sec. 59.72 (1) and (2), Stats., as amended by ch. 265, Laws of 1977, and therefore could be transferred to another officer under the provisions of sec. 59.025 (3)(b), Stats. Nevertheless, even where duties of a county clerk with respect to audits is transferred to a county auditor or some other officer, the county clerk would retain some power with respect to preaudit of claims and accounts, as sec. 59.17 (3), Stats., requires such officer to ascertain that certain facts exist before he or she can sign an order for payments of money directed by the board to be issued.
Section 59.17 (3), Stats., as amended by ch. 305, Laws of 1977, provides that the county clerk shall:
 Sign all orders for the payment of money directed by the board to be issued, and keep in a book therefor a true and correct account thereof, and of the name of the person to whom each order is issued; but he or she shall not sign or issue any county order except upon a recorded vote or resolution of the board authorizing the same; and shall not sign or issue any such order for the payment of the services of any clerk of court, district attorney or sheriff until the person claiming the order files an affidavit stating that he or she has paid into the county treasury all moneys due the county and personally collected or received in an official capacity; and shall not sign or issue any order for the payment of money for any purpose in excess of the funds appropriated for such purpose unless first authorized by a resolution passed by the county, board under s. 65.90 (5).
The county board cannot, under sec. 59.025 (3)(c), Stats., transfer the above powers from the county clerk to another officer, as they are expressly given the clerk by statute; and sec. 59.025 (3), Stats., excepts the office of county clerk from its terms. *Page 45 
Your third question is:
 3. What changes, if any, are necessary in state law to allow for an office of comptroller for counties with the same authority as given to comptrollers for cities?
Substantial legislative changes would be needed. It is presently possible for counties to establish an office of comptroller under the provisions of secs. 59.025 (3) and 59.72, Stats. However, legislation would be necessary to transfer statutory or important immemorial duties from officials elected under Wis. Const. art. VI, sec. 4, which would include the county clerk, or duties which are presently exercised by reason of statute by the county executive, to a comptroller. See 63 Op. Att'y Gen. 220 (1974) and 65 Op. Att'y Gen. 132 (1976).
BCL:RJV