STELTZ, Appellant, vs. THE CITY OF WAUSAU, Respondent.

*October 29 — November 13, 1894.*

*Municipal corporations: Tort action: Presentation of claim: Pleading.*

Sec. 161, ch. 151, Laws of 1883, providing that "no action in tort shall lie or be maintained against the city of Wausau unless a statement" of the wrong and of the damages claimed shall be presented to the common council within ninety days after the occurring of the tort alleged, is applicable to an action for damages on account of a nuisance created by the city, and the presentation of such statement must be alleged in the complaint. *Hughes v. Fond du Lac,* 73 Wis. 380, distinguished.

APPEAL from the Circuit Court for *Marathon* County. This action was commenced September 20, 1892. The complaint alleges, in effect, the incorporation and organization of the defendant city; that the plaintiff by occupation is a public teamster, doing business therein; that he is now, and for more than seven years has been, the owner in fee and the occupant of the premises therein described; that he has erected thereon a dwelling house, stable, and other outhouses; that adjacent to said premises is Bull creek, which originally had its natural flow or outlet in the Wisconsin river, about 600 feet east from the plaintiff's said dwelling; that about seven or eight years ago the defendant, in opening up a public street or highway from Pine or First street to the bridge across said river, diverted said creek from its natural course, and turned the same into a channel or culvert then made by the defendant; that said channel or culvert is insufficient to carry off the water of said creek, and by reason thereof, at different times each and every year, said creek has flooded not only said premises but also the highways or public streets towards and along the same, making the same impassable for teams and pedestrians for several months each and every year; that the plaintiff has suffered damages by reason of such flooding in each of the years 1888–1892, inclusive, in the sum of $150; that the defendant had allowed and permitted said culvert or channel so constructed to become obstructed, causing water to overflow the plaintiff's premises and the highways leading thereto and past the same, to the plaintiff's great injury and damage; that in each of said years the plaintiff notified the defendant and its officers of the condition of the premises and the culvert or channel, and requested and demanded that they clear the same or otherwise remove the obstruction to the water of said creek, but that the defendant had neglected and refused to do so, to the plaintiff's great injury and damage; that July 11,

1892, the plaintiff filed with the defendant's clerk, at his office in said city, a full and complete statement and account of his cause of action, and the amount of damages claimed herein, and the same was duly presented to the mayor and common council of said city, and by them, at a lawful meeting thereof, August 1, 1892, fully disallowed. Judgment for said damages is prayed.

To that complaint the defendant demurred on the grounds (1) that the complaint does not state facts sufficient to constitute a cause of action; (2) that the court has no jurisdiction of the person of the defendant or the subject matter of the action. Fróm an order sustaining such demurrer the plaintiff appeals.

For the appellant the cause was submitted on the brief of *Carl H. Mueller*, attorney, and *C. F. Eldred*, of counsel. They contended, *inter alia*, that sec. 161 of the charter does not apply to actions in tort arising out of the city's misfeasance or positive wrong, or out of the city's nonfeasance or negligence, but only to actions arising out of torts of others for which the city is liable, or out of torts for which the city is liable by statute, not at common law. *Hughes v. Fond du Lac*, 73 Wis. 380; *Houston v. Isaacks*, 68 Tex. 116; *Holmes v. Paris*, 75 Me. 560; *Ft. Wayne v. Coombs*, 107 Ind. 78; *Madison v. Baker*, 103 id. 41; *Chicago v. Johnson*, 53 Ill. 95; *Furnell v. St. Paul*, 20 Minn. 121; *Moore v. Minneapolis*, 19 id. 302; *Lafayette v. Blood*, 40 Ind. 65; Dillon, Mun. Corp. (4th ed.), § 1024; *Barton v. Syracuse*, 36 N. Y. 54; *Brooks v. Somerville*, 106 Mass. 271; *Monies v. Lynn*, 119 id. 273; *People ex rel. Att'y Gen. v. Utica Ins. Co.* 15 Johns. 358; *Jackson v. Collins*, 3 Cow. 89; *Alexander v. Mt. Sterling*, 71 Ill. 366; *Little v. Madison*, 42 Wis. 653; *Seifert v. Brooklyn*, 101 N. Y. 143.

For the respondent there was a brief signed by *Silverthorn, Hurley, Ryan & Jones*, of counsel, and *F. J. Tyrrell*, city attorney, and oral argument by *E. L. Bump*.

Cassoday, J. The complaint apparently states facts sufficient to show that the defendant created a nuisance of special and peculiar damage to the plaintiff. *Evans v. C., St. P., M. & O. R. Co.* 86 Wis. 603. It would seem that notice by the injured party to the author of such nuisance, as to the location and nature of the same and the damages sustained thereby, was not a condition precedent to the maintenance of an action therefor at common law nor under sec. 1339 or sec. 3180, R. S. *Hughes v. Fond du Lac*, 73 Wis. 380; *Cairncross v. Pewaukee*, 86 Wis. 186. In *Hughes v. Fond du Lac*, the charter provision was that "*no action shall be maintained* against the city" unless notice in writing be given "within five days of the occurrence of such injury or damage," etc. Sec. 5, ch. 299, Laws of 1885. This language is substantially the same as sec. 1339, R. S., except that the notice was to be given in five days instead of ninety days. It is contended that the same rule is applicable to the case at bar. But the charter provision here in question is that "*no action in tort shall lie or be maintained* against the city of Wausau unless a statement in writing, signed by the person injured or claiming to be injured, of the wrong and circumstances thereof and amount of damages claimed, shall be presented to the common council within ninety days after the occurring or happening of the tort alleged." Sec. 161, ch. 151, Laws of 1883. The complaint entirely fails to allege that any such notice was given, or any such claim presented, within the time prescribed. This is an action in tort, and comes within the express language of the section. As observed, that section declares that no such action "shall lie or be maintained" unless such notice be given and such claim presented within the time mentioned. In other words, the section makes the giving of such notice and the presentation of such claim a condition precedent, not only to the maintenance of such an action, but to the commencement

of such an action. This is in accord with the repeated decisions of this court. Thus, in *Hiner v. Fond du Lac*, 71 Wis. 78, the provision of the charter then in force and applicable was substantially the same as the charter provision of the defendant here involved, and the complaint in that case, as the complaint in this, failed to allege the giving of such notice or the presentation of such claim within the time prescribed; and the judgment was reversed because the court refused to sustain the demurrer *ore tenus* to the complaint. *Sowle v. Tomah*, 81 Wis. 351. Those cases, and others like them, rule the case at bar.

*By the Court.*— The order of the circuit court is affirmed.