Seifert, Appellant, vs. School District No. 1 of the City of Cudahy and others, Respondents.

*May 7—September 10, 1940.*

For the appellant there were briefs by *Hayes & Hayes* and *Alfred R. Gandrey*, attorneys, and *William A. Hayes* of counsel, all of Milwaukee, and oral argument by *Mr. William A. Hayes* and *Mr. Gandrey*.

For the respondents there was a brief by *Edward G. Minor*, city attorney, and *Ward Dunphy*, assistant city attorney, and oral argument by *Mr. Minor*.

The following opinion was filed June 4, 1940:

FOWLER, J. The plaintiff sues to recover damages which he claims to have sustained because he was wrongfully discharged as superintendent of the Cudahy schools before expiration of the term for which he was hired at a stipulated salary of $5,000 per year. He sues School District No. 1 of the city of Cudahy, the city of Cudahy, and individual defendants designated as the members of the board of education of said school district. He divides his complaint into two causes of action, one for $13,735.93 covers the period from November 9, 1927, the time of his discharge, to June 30, 1930. The other is in the alternative and covers a part of the same period and is based on a contract for a term commencing July 1, 1925, and expiring June 30, 1928, at

$3,700 per year. Before this contract expired the contract first above mentioned was executed, and the alleged wrongful discharge of the plaintiff and refusal to permit him to continue in performance of the contracts occurred. The contracts were made with the board of education of said school district before the enactment of ch. 425, Laws of 1927, which went into effect July 1, 1928. By this act the legislature adopted the "city plan" of school administration in all cities of the fourth class wherein the territorial limits of existing school districts coincided with the territorial limits of cities, which then was the situation in the fourth-class city of Cudahy.

To the complaint, the defendant city by answer interposed as defense to both causes of action that the school board is not a separate entity, but under secs. 40.50 to 40.60, Stats., is a mere agent of the city of Cudahy, which is a body corporate and alone is subject to suit upon claims under contracts made by the school board. Upon the trial, the plaintiff by leave of court by amendment added to its complaint a paragraph alleging that on June 2, 1933, the plaintiff duly filed his claim, that the school board rejected the claim and refused its payment, and that the school board so advised the plaintiff. The defendant city then filed an amended answer wherein, beside incorporating denials, it alleged that the plaintiff never filed any itemized and verified claim with the city clerk as required by secs. 62.12 (8) (a) and 62.25 (1) (a), Stats., as condition precedent to commencement of the action.

The case was tried to the court without a jury. The court found that School District No. 1 of the city of Cudahy was abolished by ch. 425, Laws of 1927; that the territory within the city limits of Cudahy when the act was passed constituted an entire school district; that on July 1, 1928, the city school plan provided by secs. 40.50 to 40.60, Stats., became effective; that on February 16, 1925, the plaintiff entered into

a written contract of employment as city superintendent of said school district for three years at a salary of $3,700 per year, and that before its expiration on April 1, 1927, this contract was superseded by another for three years beginning July 1, 1927, at $5,000 per year; that plaintiff entered in performance of said first contract and continued to serve as superintendent of schools under said contracts until November 9, 1927, when he was unlawfully discharged by said School District No. 1; that a letter written by plaintiff dated January 31, 1928, was sent by plaintiff and received by said school board, but that it was insufficient to constitute the presentation of a claim or to require action thereon by the board; that on June 8, 1929, another letter was sent to and received by said board and another on June 2, 1933; but that none of said letters reached or came to the attention of either the city clerk or the common council of Cudahy or was ever presented to the council. The court as conclusions of law held that none of the letters above referred to constituted the presentation of a claim against either the school board or the city of Cudahy; that such action as was taken by the school board on the letters of June 8, 1929, and June 2, 1933, was without legal effect for want of jurisdiction of the board to act; that no claim was filed with the city of Cudahy; and that the complaint be dismissed without costs to the city of Cudahy.

That the act of 1927, above referred to, put School District No. 1 of the city of Cudahy out of existence, so that it was not a legal entity, was in effect held in *State ex rel. Board of Education v. Racine,* 205 Wis. 389, 236 N. W. 553. It is there said, pp. 393, 395:

"The present legislative plan [created by said act of 1927] seems to be to make the city the municipal entity for the administration of school affairs. The members of the board of education are city officers. . . . All of these provisions [many statutes previously cited in the opinion] and others

might be cited to indicate the legislative purpose that school affairs shall constitute a municipal function in cities and that the board of education is merely a city agency."

It is further said, p. 396:

"The board of education is not a body corporate. It is not specifically authorized to sue or be sued."

It is also said, p. 395:

"In arriving at our conclusion we have not overlooked the provisions of sec. 40.51, Stats., which provides that 'Each city, affected by this plan, is a single and separate school district.' Just what the legislative thought was in making this declaration is not clear. It is quite apparent that by so doing it was not intended to create a separate and distinct municipal entity out of the territory within the city limits."

In another case, *Board of Education v. Racine,* 205 Wis. 489, 238 N. W. 413, it is said, p. 492:

"There is an absence of any language in the statutes referred to [ch. 40] manifesting any legislative intent to create a school district here [in city of Racine] which would amount to an entity separate and distinct from the city."

The case of *Stroud v. Stevens Point,* 37 Wis. 367, which considered a statutory charter provision of the city placing the affairs of the school district named in the control of the city council is to the same effect. This case holds that the effect of the charter provision was to terminate the corporate existence of the school district, and held further that it rendered the city, as the legal successor of the school district, liable for its debts, and properly sued to recover teacher's wages. It is said, p. 372:

"It is therefore very certain that the appellant [teacher] could not have sued the school district which employed him. And his action is well brought against its successor. The city is, *pro hac vice,* the old school district enlarged, under a new name."

The circuit court was clearly right in holding School District No. 1 of the city of Cudahy no longer in existence and

in holding the city of Cudahy liable for the plaintiff's claim, if any he has, and the only entity subject to suit thereon.

In our view of the case the only other matter we need consider is whether sending to the school board the letters referred to in the court's findings constitute sufficient basis for the instant action. There is no claim that the facts are not as found by the court. The controversy is over the legal effect of these facts under the statutes relied on by the parties. The plaintiff insists that if the city of Cudahy is the only party legally responsible for payment of plaintiff's claim, that the board of education of the city of Cudahy is the proper authority to pass upon his claim, and the only body with which there is occasion or requirement to file it, and that the letters referred to in the court's findings and nonaction thereon by the board constitute a sufficient submission of his claim against the city to entitle the plaintiff to recover for breach of his contracts of employment. The city contends that as the city is responsible for payment of the plaintiff's claim, if he has any, the court properly dismissed the complaint for want of filing a claim with the city council as required by secs. 62.12 (8) (a) and 62.25 (1) (a), Stats.

Plaintiff was discharged November 9, 1927. At that time ch. 425, Laws of 1927, had been enacted under which the city plan as therein prescribed became effective as to the city of Cudahy July 1, 1928. Section 87 of the act, 40.50, Stats. 1927. This was "An act to revise and codify" the laws relating to the public schools. Section 87 of that act consolidated ten sections of ch. 40 of the statutes of 1925, renumbered them secs. 40.50 to 40.60, and revised them to read as in the act. The act reads generally as in the 1939 statutes. It so reads as to the provision respecting employment of a superintendent. Sec. 40.53 (4). Sec. 40.54 (1) providing that money appropriated for school purposes shall be expended by the board, and sec. 40.57, relating to disbursements of school funds, so read, and the latter reads as follows;

"*Disbursements of city school funds.* The city treasurer shall keep separate accounts of all moneys raised and apportioned for city school purposes. Said moneys shall be paid out as follows: The school board shall present to the city clerk a certified bill, voucher or schedule signed by its president and secretary, giving the names of the claimants and the amount and nature of each claim. The city clerk shall issue proper orders upon such certification, to the city treasurer, who shall pay them from the proper funds."

Sec. 40.50, Stats., provides, in part, that—

"All general school statutes govern city schools as far as applicable, and as they are in harmony with this plan."

Sec. 40.53 (1), Stats., provides that the board has all the powers and is charged with the duties of common school district boards as far as not otherwise provided or limited by statute.

Sec. 40.255, Stats. 1925, in force when ch. 425, Laws of 1927, was enacted, provided:

"*Action against school board, filing claim.* No action shall be maintained against a school district board upon any claim until the claimant shall first present his claim to such board and it is disallowed in whole or in part. Failure of the board to pass upon the claim within sixty days after presentation shall be deemed a disallowance. The clerk shall cause to be served on the claimant notice of any disallowance. The notice shall be served by registered mail and receipt therefor, signed by the claimant, shall be proof of service. . . . Disallowance by the board shall bar any action founded on the claim unless the same is brought within six months after service of notice of disallowance."

These provisions are substantially the same in the 1939 statutes, sec. 40.18.

There is nothing in the existing statutes, which were in force when the instant action was commenced on November 8, 1933, that provides any other method of action by the school board in passing upon claims, or any other method of

claimants for presenting claims to the school board, than that provided by sec. 40.255, Stats. 1925.

The trial court seems to have considered that after July 1, 1928, the school board had no duty to perform respecting claims. The court ruled that the board "had no jurisdiction in the matter." We consider that in this respect the court was in error. Under the provisions above referred to, sec. 40.54 (1), Stats., providing that money appropriated to the board shall be expended by them, and sec. 40.57 providing that moneys shall be paid out as follows:

"The school board shall present to the city clerk a certified bill, voucher or schedule signed by its president and secretary, giving the names of the claimants and the amount and nature of each claim. The city clerk shall issue proper orders upon such certification, to the city treasurer, who shall pay them from the proper [school board] funds."—

it must be the duty of the school board to pass upon claims. And under the provisions of sec. 40.50 and 40.53, Stats., above referred to providing that general school statutes govern city schools and that the school board has all power of common school district boards as far as not otherwise provided, it must be that the city school board had power and it was its duty in the first instance to pass upon plaintiff's claim. And as the city-plan statutes do not prescribe any itemization or verification of claims on presentment to the school board, none is required for such presentment. Under sec. 40.18, Stats. 1939, therefore a claimant may present an unitemized and unverified claim, and the board shall allow or disallow it in whole or in part, and failure of the board to pass upon a claim within sixty days operates as a disallowance.

Recurring to plaintiff's contention that his sending and the receipt by the school board of his letter of June 2, 1933, constitutes a sufficient presentation of his claim to the school board to enable the board to act upon it, and that as they

did not allow it within sixty days as provided by sec. 40.18, Stats. 1939, which was in force when the action was commenced, the claim was denied, and a sufficient basis for this action exists. If it were conceded that the letter constituted a sufficient claim for presentation to the school board this would not excuse the plaintiff for not filing with the city clerk an itemized and verified claim as required by sec. 62.12 (8) (a), which sec. 62.25 (1) (a) requires as condition precedent to the commencement of an action against a city. The latter section reads:

"*Claims and actions.* (1) *Claims.* (a) No action shall be maintained against a city upon a claim of any kind until the claimant shall first present his claim to the council and it is disallowed in whole or in part. Failure of the council to pass upon the claim within sixty days after presentation is a disallowance."

The city is responsible for payment of lawful claims against the school funds. Payment can be compelled only by suit, and the statute is mandatory that no suit can be commenced until claim therefor shall be disallowed in whole or in part by the council, and to require the council's action upon a claim it must be verified and itemized and filed with the city clerk. *Sauk County v. Baraboo,* 211 Wis. 428, 248 N. W. 418. This applies as well to the alternate claim under the first $3,700 contract as to the claim under the second, $5,000 contract. It follows that the judgment of the circuit court should be affirmed, and it is so ordered.

*By the Court.*—The judgment of the circuit court is affirmed.

A motion for a rehearing was denied, with $25 costs, on September 10, 1940.