FOREWAY EXPRESS, INC., Respondent, v. CITY OF HILBERT, Appellant.

*October 4—November 1, 1966.*

For the appellant there was a brief by *Bonk, Lutz & Hertel* of Chilton, and oral argument by *Robert W. Lutz.*

No brief or appearance for the respondent.

GORDON, J. The complaint to which the defendant demurred does not allege that a claim was presented as required by sec. 62.25 (1) (a), Stats. Although this section relates to claims against cities, it is expressly made applicable to villages by sec. 61.51 (4), and we take judicial notice that Hilbert is a village. State of Wisconsin 1966 Blue Book, 620; *Milwaukee v. Sewerage Comm.* (1954), 268 Wis. 342, 353, 67 N. W. (2d) 624; *Smith v. Janesville* (1881), 52 Wis. 680, 9 N. W. 789.

In view of the statutory requirement that "no action shall be maintained" until the claimant "shall first present his claim to the council," it is clear that the plaintiff failed to comply with the conditions precedent to suit. The failure to file a claim is fatal, as this court has held in *Seifert v. School Dist.* (1940), 235 Wis. 489, 497, 292 N. W. 286.

In *Steltz v. Wausau* (1894), 88 Wis. 618, 621, 60 N. W. 1054, we upheld an order sustaining a demurrer to a complaint which failed to allege compliance with similar provisions contained in a city charter because "the section makes . . . the presentation of such claim a condition precedent, not only to the maintenance of such an action, but to the commencement of such an action." See also *Firemen's Ins. Co. v. Washburn County* (1957), 2 Wis. (2d) 214, 228, 85 N. W. (2d) 840; *Sauk County v. Baraboo* (1933), 211 Wis. 428, 248 N. W. 418; *Moyer v. Oshkosh* (1913), 151 Wis. 586, 139 N. W. 378. A related question is considered in *Pattermann v. Whitewater*, ante, p. 350, 145 N. W. (2d) 705.

Although the respondent did not file a brief in this court on appeal and did not appear at the oral argument, we have chosen to rule on the merits of the controversy rather than to reverse as a matter of course under sec. 251.57, Stats. Accordingly, we conclude that under sec. 62.25 (1) (a) a complaint in a tort action against a village or a city is demurrable when the complaint fails to allege that a claim has been presented to the board or council and has been disallowed.

*By the Court.*—Order reversed.