**Rajababu KILARU, Plaintiff,**

v.

**Eydie V. WATTS et al., Defendants.**

**No. 71-C-566.**

United States District Court,
E. D. Wisconsin.

Feb. 23, 1972.

---

3. See and compare, Ex Parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933).

Hayes, Peck, Perry & Gerlach by Richard Perry and William J. Mulligan, Milwaukee, Wis., for plaintiff.

John J. Fleming, City Atty., Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved to dismiss the complaint. The action is one in which the plaintiff seeks declaratory relief, a permanent injunction and damages arising from the alleged rejection of his application for civil service employment on the grounds that he did not meet the citizenship requirement of the Milwaukee City Service Commission.

So far as the complaint seeks money damages, the claim is subject to the requirements of § 62.25(1) (a), Wis.Stats. There is no allegation that the plaintiff first submitted his claim for money damages to the city council. Under Wisconsin law, this claim may not be maintained until the statutory requirement has been met. In Foreway Express, Inc. v. Hilbert, 32 Wis.2d 371, 372, 145 N.W.2d 668, 669 (1966), the court said:

> "In view of the statutory requirement that 'no action shall be maintained' until the claimant 'shall first present his claim to the council,' it is clear that the plaintiff failed to comply with the conditions precedent to suit. The failure to file a claim is fatal, as this court has held in Seifert v. School Dist. (1940), 235 Wis. 489, 497, 292 N.W. 286."

If only injunctive or other equitable relief were sought in the case at bar, the statutory duty might be held inapplicable. See Hasslinger v. Hartland, 234 Wis. 201, 205, 290 N.W. 647 (1940). It is my conclusion, however, that this court is obliged to apply the strictures of § 62.25(1) (a) with reference to the plaintiff's claim for money damages.

The record demonstrates that this plaintiff has filed proceedings before the equal rights division of the department of industry, labor and human relations of the state of Wisconsin. The latter administrative complaint involves the same controversy (except as to money damages) as is set forth in the case at bar. It is thus apparent that the state judicial system will be afforded an opportunity to pass on the same issues which are presented in the federal action. These issues relate to the proper interpretation to be given to § 62.25(1) (a) and 63.35 Wis.Stats. and also the interpretation to be given to Rule III, § 4 of the rules of the Milwaukee city service commission. These statutes and the commission rule are set forth at length in paragraphs 14, 15 and 16 of the complaint. Thus, the Wisconsin courts will be able to consider the foregoing provisions in correlation with § 106–24, Mil-

waukee code of ordinances, and two additional provisions of the Wisconsin statutes which make it unlawful to discriminate and also define the latter expression. See §§ 111.32(5) (a) and 111.325.

In my opinion, abstention is warranted with regard to the declaratory and equitable claims of the complaint pursuant to Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970), and Meridian v. Southern Bell Tel. & Tel. Co., 358 U.S. 639, 79 S.Ct. 455, 3 L.Ed. 2d 562 (1959). While this court could "stay its hand" by holding the instant case in abeyance, I deem it preferable under the circumstances that the defendants' motion for dismissal be granted.