**John R. AHERN, Plaintiff,**

v.

**UNIFIED SCHOOL DISTRICT NO. 1 OF KENOSHA COUNTY, TOWNS OF PLEASANT PRAIRIE, ET AL., KENOSHA COUNTY, et al., Defendants.**

**No. 71-C-16.**

United States District Court,
E. D. Wisconsin.

March 7, 1972.

Brown, Clack & Whitnall, Racine, Wis., for plaintiff.

Paul F. Wokwicz, Kenosha, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

There are two motions before the court. One motion is that annexed to the plaintiff's complaint in which he "prays that the Court order defendants and each of said defendants in concert with the other to show cause why,

"FIRST: Defendants should not be enjoined and restrained from continuing their unlawful practice of denying staff appointment to plaintiff as an industrial arts teacher in drafting and related courses pending trial on the verified and annexed complaint before this Court.

"SECOND: Defendants should not be ordered to pay plaintiff all wages denied to plaintiff since plaintiff's employment was terminated as a full time staff member in June, 1969.

"THIRD: Defendants should not, therefore, be required to provide employment to plaintiff as a full time staff member in industrial arts instruction at the ranking and wage scale that plaintiff had attained as of June, 1969."

In my opinion, the demands of this motion are comparable to the demands that are made in the complaint. The plaintiff is not entitled to an order granting this motion unless and until he prevails on the merits of this action. Accordingly, at this pretrial stage, the motion of the plaintiff must be denied.

The defendants have moved for dismissal of the action for want of jurisdiction over the subject matter. In my opinion, the instant case is governed by Roth v. Board of Regents, 446 F.2d 806 (7th Cir. 1971), cert. granted 404 U.S. 909, 92 S.Ct. 227, 30 L.Ed.2d 181 (1971); see also Shirck v. Thomas, 447 F.2d 1025 (7th Cir. 1971); but cf. Henson v. St. Francis, 322 F.Supp. 1034 (E.D.Wis.1971).

In *Roth*, it was held that a state university professor, though nontenured, was entitled to a hearing as a "minimal opportunity" to learn the reasons for his not being offered re-employment.

The defendants urge that Mr. Ahern was offered a hearing but that, through his counsel, he caused such hearing to be adjourned and subsequently submitted his written resignation. The complaint, however, alleges that the hearing "was postponed although plaintiff had not requested such postponement." There is thus an issue of fact as to whether the hearing called for in the *Roth* case was in fact available to the plaintiff. Accordingly, the motion to dismiss the claim for equitable relief may not be granted.

The claim for money damages must fail for want of compliance with § 118.26 Wis.Stats. This section provides as follows:

"118.26 Claim against school district. An action upon any claim shall not be maintained against a school district until the claim has been presented to the school board of the district and disallowed in whole or in part. Failure of the school board to allow the claim within 60 days after it is filed with the school district clerk is a disallowance. The school district clerk shall serve notice of disallowance on the claimant by registered mail with return receipt signed by the claimant required. Such receipt shall be proof of service. The claimant may accept a portion of his claim without waiving his right to recover the balance. No interest may be recovered on an allowed claim after an order of the school board is available to the claimant. If the claimant recover a greater amount than was allowed by the school board he shall recover costs; otherwise the school board shall recover costs. No action on a claim may be brought after 6 months from the date of service of the notice of disallowance."

In Kilaru v. Watts, 339 F.Supp. 1362 (E.D.Wis., decided February 23, 1972), this court stated with regard to an analogous statute:

"So far as the complaint seeks money damages, the claim is subject to the requirements of § 62.25(1) (a), Wis.Stats. There is no allegation that the plaintiff first submitted his claim for money damages to the city council. Under Wisconsin law, this claim may not be maintained until the statutory requirement has been met. In Foreway Express, Inc. v. Hilbert, 32 Wis. 2d 371, 372, 145 N.W.2d 668 (1966), the court said:

'In view of the statutory requirement that "no action shall be maintained" until the claimant "shall first present his claim to the council," it is clear that the plaintiff failed to comply with the conditions precedent to suit. The failure to file a claim is fatal, as this court has held in Seifert v. School Dist. (1940), 235 Wis. 489, 497, 292 N.W. 286.'

"If only injunctive or other equitable relief were sought in the case at bar, the statutory duty might be held inapplicable. See Hasslinger v. Hartland, 234 Wis. 201, 205, 290 N.W. 647 (1940). It is my conclusion, however, that this court is obliged to apply the strictures of § 62.25(1) (a) with reference to the plaintiff's claim for money damages."

Therefore, it is ordered that the plaintiff's motions quoted above be and hereby are denied.

It is also ordered that the defendants' motion for dismissal is granted insofar as the plaintiff's action seeks monetary damages and denied in all other respects.