Rajababu KILARU, Plaintiff,

v.

Eydie V. WATTS et al., Defendants.

No. 72–C–594.

United States District Court,
E. D. Wisconsin.

Feb. 5, 1973.

Richard Perry, and Schroeder, Gedlen, Riester & Moerke, by William J. Mulligan, Milwaukee, Wis., for plaintiff.

James B. Brennan, City Atty. by Joseph H. McGinn, Deputy City Atty., Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved to dismiss the complaint. In this action, the plaintiff demands monetary damages for the defendants' alleged rejection of his application for a civil service position because of the Milwaukee city service commission's rule regarding citizenship. An earlier action was dismissed by this court on grounds of abstention, 339 F.Supp. 1362.

The motion to dismiss the present action is based on (1) the failure of the complaint to state a claim upon which re-

lief can be granted, (2) mootness, (3) abstention, (4) failure to join the state attorney general, (5) laches, and (6) inability of the plaintiff to prove damages.

■ ■ I believe that the complaint adequately states a claim under 42 U.S.C. § 1983, is not rendered moot because the plaintiff has since become a citizen, and is not tainted by laches. Since no express challenge to the constitutionality of a statute or ordinance is presented in the instant complaint, there is no need to make the state attorney general a party under either Rule 19, Federal Rules of Civil Procedure or § 269.56(11), Wis. Stats. The complaint asserts that there is no "rational basis" for the defendants' rules, but unconstitutionality is not affirmatively charged.

■ Although the doctrine of abstention was applied in connection with the dismissal of the earlier action, I am now satisfied that further abstention is not warranted. As previously noted, the present complaint does not challenge the constitutionality of either § 63.25(1)(a), Wis.Stats. or of the relevant city ordinance. A formal claim for damages has been submitted to the city clerk of Milwaukee and rejected by him; thus, the restrictions of § 62.25(1)(a), Wis.Stats., no longer operate as a legal bar to the plaintiff's recovery.

There have been several recent decisions which very strongly suggest that the concept of narrowly protecting the public's wealth and resources for those persons who are citizens has been "eroded to splinters". Miranda v. Nelson, 351 F.Supp. 735 (D.Ariz., decided December 5, 1972). See Younus v. Shabat, 336 F. Supp. 1137 (N.D.Ill.1971), aff'd 7th Cir. order No. 72–1051, dated January 3, 1973. See also Faruki v. Rogers, 349 F.Supp. 723 (D.C.D.C.1972).

There are other cases which cogently support the plaintiff's legal position that equal protection of the laws grants a

resident alien, if he is otherwise qualified, the right to be considered for civil service standing. Graham v. Richardson, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed. 2d 534 (1971); Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969); Purdy & Fitzpatrick v. California, 71 Cal.2d 566, 79 Cal.Rptr. 77, 456 P.2d 645 (1969); and Takahashi v. Fish & Game Commission, 334 U.S. 410, 68 S.Ct. 1138, 92 L.Ed. 1478 (1948). In *Graham* at p. 371–372, 91 S.Ct. at p. 1852, the court said:

> "Under traditional equal protection principles, a State retains broad discretion to classify as long as its classification has a reasonable basis. Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78, 31 S.Ct. 337, 340, 55 L.Ed. 369 (1911); Williamson v. Lee Optical Co., 348 U.S. 483, 489, 75 S.Ct. 461, 465, 99 L.Ed. 563 (1955); Morey v. Doud, 354 U.S. 457, 465, 77 S.Ct. 1344, 1350, 1 L.Ed.2d 1485 (1957); McGowan v. Maryland, 366 U.S. 420, 425–427, 81 S.Ct. 1101, 1106, 6 L.Ed.2d 393 (1961). This is so in 'the area of economics and social welfare.' Dandridge v. Williams, 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970). But the Court's decisions have established that classifications based on alienage, like those based on nationality or race, are inherently suspect and subject to close judicial scrutiny. Aliens as a class are a prime example of a 'discrete and insular' minority (see United States v. Carolene Products Co., 304 U.S. 144, 152–153, n. 4, 58 S.Ct. 778, 783–784, 82 L.Ed. 1234 (1938)) for whom such heightened judicial solicitude is appropriate. Accordingly, it was said in *Takahashi*, 334 U.S., at 420, 68 S.Ct. [1138] at 1143, that 'the power of a state to apply its laws exclusively to its alien inhabitants as a class is confined within narrow limits.'"

It follows that the defendants have a very heavy burden in demonstrating that a rational basis exists for the city's civil service rule III 6 4 insofar as it requires that an applicant "shall be a citizen of the United States. . . ."

The most impressive contention of the defendants in connection with the instant motion is that relating to the plaintiff's alleged inability to prove that he has incurred any damages. The defendants note that the final selection of the successful applicant for the position of librarian II is a discretionary choice by the city librarian, made from a list containing the names of the three highest rated persons. § 63.39 Wis.Stats.

The defendants suggest that Mr. Kilaru cannot demonstrate that he would have been hired even if he were able to establish that his application had been rejected by the defendants "on the basis of noncitizenship" (Complaint ¶ 13). The affidavit of James Springer, dated January 24, 1972, asserts that Mr. Kilaru ranked number 15 in an examination relating to the position of librarian I held in June, 1972. However, Mr. Kilaru's complaint relates to his being precluded from applying for appointment as Librarian II in early 1971.

The defendants' arguments as to damages, if sustained, might ultimately limit the plaintiff's recovery to a mere nominal award, but they do not warrant dismissal of the claim. Thus, even if no substantial compensatory damages are proved, and even if punitive damages are not proved or are disallowed pursuant to § 895.43(2), Wis.Stats., the plaintiff's complaint may not be dismissed on this motion.

Therefore, it is ordered that the defendants' motion to dismiss the complaint be and hereby is denied.