Lawrence A. **MATHIAS**, Plaintiff,

v.

**CITY OF MILWAUKEE DEPARTMENT OF CITY DEVELOPMENT et al., Defendants.**

Civ. A. No. 73–C–31.

United States District Court, E. D. Wisconsin.

July 16, 1974.

Richard D. Hicks, Milwaukee, Wis., for plaintiff.

Nicholas M. Sigel, Asst. City Atty., Milwaukee, Wis., for defendants.

## MEMORANDUM OPINION AND ORDER

REYNOLDS, Chief Judge.

This is an action brought under the Civil Rights Act in which plaintiff claims that his right to free speech has been abridged. Plaintiff grounds his complaint in the first and fourteenth amendments to the United States Constitution.

The facts bear restating. On or about October 9, 1972, the plaintiff secured a position as a Rehabilitation Specialist I with the City of Milwaukee Department of City Development (hereinafter re-

ferred to as "Department"). It was understood that plaintiff's job was to commence at a later date. On November 9, 1972, plaintiff chaired a meeting of residents of the Midtown Projects area, a federally-funded project handled under the auspices of the defendant Department. At this meeting plaintiff voiced criticism of the manner in which the Department had handled the Midtown Project. The facts further show that Vance Coleman, an employee of the Department and a named defendant in this action, was present at the meeting.

On November 30, 1972, the plaintiff wrote to the Department reminding them that they had contracted to employ him and asking when and where to report for work. Shortly thereafter, on December 6, 1972, plaintiff was notified in a written letter signed by defendant Edward J. Hayes, Commissioner of the Department, that he would not be hired. Subsequent attempts to secure relief from the Board of Civil Service Commissioners of the City of Milwaukee (hereinafter referred to as the "Board") have been unavailing. The Board is also a defendant in this case. Plaintiff claims that this court has jurisdiction under 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. §§ 1983 and 1985.

The defendants—Department, Board, and various individuals [1] connected with both—have filed a motion to dismiss the complaint on the following grounds: (1) the Department was improperly served; (2) this court is without jurisdiction and the named individuals are immune from damages; (3) plaintiff did not exhaust his remedies under the laws of the State of Wisconsin; and (4) the complaint fails to state a cause of action. For the reasons stated below, the defendants' motion is denied.

## I.

■ Initially, I find that service of process was properly made in accordance with Rule 4(d)(6) of the Federal Rules of Civil Procedure. Rule 4(d)(6) states that service shall be made:

"Upon a state or municipal corporation or other governmental organization thereof subject to suit, by delivering a copy of the summons and of the complaint to the chief executive officer thereof or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant."

Rule 4(d)(6) expressly provides two alternatives for service upon a "state," "municipal corporation," or "other govermental organization thereof" subject to suit. Plaintiff has satisfied the requirements of the first; that is, the Department is an arm of the municipal corporation of the City of Milwaukee. As such, under Rule 4(d)(6), it qualifies as an "other governmental organization thereof." Service may therefore be accomplished by delivering a copy of the summons and complaint to the "chief executive officer thereof." Since plaintiff served Edward J. Hayes, Commissioner of the Department, I find compliance with the dictates of Rule 4(d)(6).

## II.

■ Resolution of the service of process issue is of little importance, however, since the court does not have jurisdiction over the defendant Department. Neither the Department nor the Board are "persons" within the meaning of 42 U.S.C. § 1983 and 28 U.S.C. § 1343. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973).

■ Plaintiff further contends that jurisdiction exists as to the Department and the Board under 28 U.S.C. § 1331. In his complaint plaintiff conclusively alleges that the amount in controversy

---

1. Other named defendants in this case are: Anthoney V. Cannariato, a Community Conservation Officer of the Department; Eydie Watts, Harry W. Green, Sr., Mrs. Anthoney J. Scholter, Clifford Matchey and Robin Koenig, Commissioners of the Board; and Robert C. Garnier, Personnel Director of the City of Milwaukee.

exceeds $10,000. He offers not one iota of evidence that over $10,000 is in fact in question. Existence of the requisite amount in controversy not appearing in the record before me, I am unable to liberally find it for the plaintiff. I must therefore dismiss the cause of action as to both the defendant Department and the defendant Board.

■ The dismissal of the Department and the Board are not dispositive of this case because the plaintiff has sued several individual members of the defendant organizations. As to the named individuals, this court has jurisdiction under 28 U.S.C. § 1343 and 42 U.S.C. § 1983. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Littleton v. Berbling, 468 F.2d 389 (7th Cir. 1972); Schwab v. First Appalachian Insurance Co., 58 F.R.D. 615 (S.D.Fla. 1973); Dupree v. City of Chattanooga, Tennessee, 362 F.Supp. 1136 (E.D. Tenn.1973); Citizens Committee for Faraday Wood v. Lindsay, 362 F.Supp. 651 (S.D.N.Y.1973).

### III.

■ It is next asserted that the plaintiff's failure to submit his claim for money damages to the City Council of Milwaukee, as required by § 62.-25(1)(a), Wis.Stats. (1971), precludes his bringing this action. Kilaru v. Watts, 339 F.Supp. 1362 (E.D.Wis. 1972), is said to dictate such a result. In that case, which was never stated to be an action brought under the Civil Rights Act, declaratory, injunctive, and monetary relief were sought for an alleged rejection of application for civil service employment. At the commencement of that action, proceedings were pending before the Equal Rights Division of the Department of Industry, Labor and Human Relations of the State of Wisconsin. The Court was of the opinion that under such circumstances, abstention was proper as to the equitable and declaratory relief and that the claim for monetary relief should be dismissed for failure to present it to the City Council.

Kilaru v. Watts, supra, does not stand for the proposition that one must exhaust state remedies before commencing an action under § 1983. The Civil Rights Act provides a remedy independent and supplementary to any that the state might afford. It is not necessary for a plaintiff to exhaust such remedies before bringing an action under it. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); McNeese v. Board of Education, 373 U.S. 668, 83 S. Ct. 1433, 10 L.Ed.2d 622 (1963). Therefore, in the present case, it can make no difference that the plaintiff did not present his claim to the City Council.

### IV.

■ The defendants urge, in the alternative, that the plaintiff's complaint fails to state a cause of action upon which relief can be granted because the plaintiff's possible right to employment does not constitute a protected property right. In determining this claim, I am compelled to apply the following standard: " * * * An action, especially under the Civil Rights Act, should not be dismissed at the pleadings stage unless it appears to a certainty that plaintiffs are entitled to no relief under any state of the facts, which could be proved in support of their claims. * * * " Escalara v. New York City Housing Authority, 425 F.2d 853, 857 (2d Cir. 1970), cert. denied 400 U.S. 853, 91 S.Ct. 54, 27 L.Ed.2d 91 (1970). See also Barnes v. Merritt, 376 F.2d 8 (5th Cir. 1967); York v. Story, 324 F.2d 450 (9th Cir. 1963), cert. denied 376 U.S. 939, 84 S.Ct. 794, 11 L.Ed.2d 659 (1964); and 2A Moore, Federal Practice ¶ 12.08, at 2271–2274 (1972).

In Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), and Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), the Supreme Court of the United States recently addressed itself to the question of what constitutes a property interest entitled to protection under the fourteenth amendment. In *Roth*, the

Court stated 408 U.S. at 577, 92 S.Ct. at 2709:

" * * * To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. * * * "

In *Roth,* the plaintiff's employment was to terminate at a certain date, and his contract made no provision for renewal. The Court found that no property interest was involved because the terms of the plaintiff's employment "supported absolutely no possible claim of entitlement to re-employment." 408 U.S. at 578, 92 S.Ct. at 2710. In *Perry,* the plaintiff contended that the institution at which he taught had a *de facto* tenure system on which he and others relied. Such a system, it was held, could give rise to a claim of entitlement.

 Even though the plaintiff may not have a formal contractual right to employment, I believe that the plaintiff's expectation of assuming a civil service position which he was told that he had secured does constitute a protected property interest. A contract which, by its terms, terminates at a certain date cannot, standing alone, be seen as the basis of a property right to future employment at the time that such termination takes effect. However, a commitment for employment within the civil service for an indefinite period of time is more clearly something "upon which people rely in their daily lives, reliance that must not be arbitrarily undermined." Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). See also Commonwealth of Pennsylvania ex rel. Rafferty v. Philadelphia Psychiatric Center, 356 F.Supp. 500 (E.D.Pa.1973), and Norlander v. Schleck, 345 F.Supp. 595 (D.Minn.1972). I therefore find, for the purposes of the motion to dismiss, that plaintiff possesses a property interest in his expectation of employment within the civil service.[2]

For the reasons stated above,

It is ordered that the motion to dismiss the complaint as to the defendant City of Milwaukee Department of City Development be and it hereby is granted.

It is further ordered that the motion to dismiss the complaint as to the defendant Board of Civil Service Commissioners of the City of Milwaukee be and it hereby is granted.

It is further ordered that the motion to dismiss the complaint as to all other defendants be and it hereby is denied.

---

2. The possibility of there being a probationary period when the plaintiff commences work does not alter this result. Norlander v. Schleck, 345 F.Supp. 595 (D.Minn.1972).

In *Norlander,* it was held that the right to be placed on a civil service list was a protected property interest. The plaintiff in the instant action is in a similar situation.